SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
BRIDGET RUSSELL, Cal. Bar No. 288107
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email:     ccardon@sheppardmullin.com
           brussell@sheppardmullin.com

Attorneys for Plaintiffs GYM-MARK, INC. and
THE GYMBOREE CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GYM-MARK, INC., a California corporation and THE GYMBOREE CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BLUEBERRY BLVD. LLC, a New York limited liability company, THE KMART CORPORATION OF ILLINOIS, INC., an Illinois corporation, BON TON STORES, INC., a Pennsylvania corporation and DOES 1-10,<br><br>Defendants. | Case No.: 3:14-cv-5079<br><br>**(1) COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND**<br><br>**(2) DEMAND FOR JURY TRIAL** |

SMRH:434980265.2

1        Plaintiffs Gym-Mark, Inc. ("**Gym-Mark**") and The Gymboree Corporation

2   ("**Gymboree**") (collectively, "**Plaintiffs**") complain in this action against Defendant

3   Blueberry Blvd., LLC ("**Blueberry**"), The Kmart Corporation of Illinois, Inc.

4   ("**Kmart**") and Bon Ton Stores, Inc. ("**Bon Ton**") and  allege the following:

5

6                              **STATEMENT OF THE CASE**

7

8        1.       This case surrounds the continued and repeated willful infringement by

9   Blueberry, a manufacturer of "knock off" clothing, of Gym-Mark's registered

10  copyrights in fabric designs.  Specifically, Plaintiffs allege that Blueberry

11  manufactured and sold at least three infringing articles of clothing (known prior to

12  discovery, though there are likely more) that it then sold  to Kmart, Bon Ton and

13  other retailers, and which Kmart, Bon Ton and other retailers, respectively,

14  advertised, marketed, offered for sale on their websites and in their retail stores

15  around the country and sold. Gym-Mark, owned by Gymboree, licensed the fabric

16  designs in question to Gymboree, for the production of children's clothing.  Blueberry

17  has previously been sued by Plaintiffs in this District for copying Gym-Mark's

18  copyrights and selling the resulting apparel to other department stores or multi-brand

19  retailers. The infringing articles entered the marketplace after Gymboree's sale of its

20  children's clothing bearing these designs and the infringing articles make use of

21  identical or nearly identical fabric designs, establishing that these are willful

22  infringements of Gym-Mark's copyrights.  Blueberry appears to have made a business

23  model of, in part, selecting Gymboree apparel in the marking and duplicating it

24  without regard to Gymboree's copyrights in the designs in that apparel.

25

26

27

28

SMRH:434980265.2

-1-

**COMPLAINT**
**3:14-cv-5079**

## THE PARTIES

2.      Plaintiff Gym-Mark is a corporation organized and existing under the laws of the State of California with its principal place of business located at 500 Howard Street, San Francisco, California 94105 in San Francisco County.

3.      Plaintiff Gymboree is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 500 Howard Street, San Francisco, California 94105 in San Francisco County, California.

4.      Plaintiffs are informed and believe that Defendant Blueberry is a limited liability company organized and existing under the laws of the State of New York and doing business in the State of California, with a registered agent for service of process at 9100 Wilshire Blvd., Suite 1000W, Beverly Hills, California 90212 in Los Angeles County, California.

5.      Plaintiffs are informed and believe that Defendant Kmart is a corporation organized under the laws of the State of Illinois and doing business in the state of California both physically and via online sales activities, including extensive sales of children's apparel to customers in California and in this District.  Plaintiffs are further informed and believe that its principal place of business is located at 3333 Beverly Rd., Hoffman Estates, Illinois 60179 in Cook County, Illinois.

6.      Plaintiffs are informed and believe that Defendant Bon Ton is a corporation organized under the laws of the State of Pennsylvania and doing business in the State of California via online sales and delivery activities, including extensive sales of children's apparel to customers in California and in this District.  Plaintiffs

1  are further informed and believe that its principal place of business is located at 2801

2  East Market Street, York Pennsylvania, 17402 in York County, Pennsylvania.

3

4        7.     The true names and capacities of the defendants named herein as Does 1

5  through 5, whether individual, corporate, associate or otherwise, are unknown to

6  Plaintiffs, which therefore sues those defendants by such fictitious names. Plaintiffs

7  are informed and believe that each of the defendants designated as a "Doe" defendant

8  is legally responsible for the events hereinafter alleged and legally caused injury and

9  damages proximately thereby to Plaintiffs as herein alleged. Plaintiffs will seek leave

10 to amend this pleading when the true names and capacities of the Doe defendants

11 have been ascertained. These "Doe" defendants 1 through 5 together with Defendants

12 Blueberry and Kmart are hereinafter collectively referred to as the

13 "**Blueberry/Kmart Defendants**."

14

15       8.     The true names and capacities of the defendants named herein as Does 6

16 through 10, whether individual, corporate, associate or otherwise, are unknown to

17 Plaintiffs, which therefore sues those defendants by such fictitious names. Plaintiffs

18 are informed and believe that each of the defendants designated as a "Doe" defendant

19 is legally responsible for the events hereinafter alleged and legally caused injury and

20 damages proximately thereby to Plaintiffs as herein alleged. Plaintiffs will seek leave

21 to amend this pleading when the true names and capacities of the Doe defendants

22 have been ascertained. These "Doe" defendants 6 through 10 together with

23 Defendants Blueberry and Bon Ton are hereinafter collectively referred to as the

24 "**Blueberry/Bon Ton Defendants**." The Kmart Defendants and the Bon Ton

25 Defendants are hereinafter collectively referred to as the "**Defendants**")

26

27

28

SMRH:434980265.2

-3-

**COMPLAINT**
**3:14-cv-5079**

1

## JURISDICTION AND VENUE

2

3      9.      The First and Second Claims for Relief arise under the federal Copyright

4   Act, 17 U.S.C. §§ 101, *et seq*.  This Court has original subject matter jurisdiction over

5   this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6

7      10.     Personal jurisdiction is proper over Defendants in this District in light of

8   their business activities within the District, sales of the infringing articles within the

9   District, contacts with this District in connection with the development and sale of the

10   infringing articles, and knowing harm of Plaintiffs in this District by Defendants'

11   knowing placement of infringing articles into the stream of commerce for sale within

12   this District, as well as their general and extensive online and/or retail sales activities

13   in this District..

14

15      11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

16   because a substantial part of the events or omissions giving rise to the claims asserted

17   herein occurred or had effects in this District, Defendants conduct business in this

18   District, the activities of which Plaintiffs complain herein have caused injury to

19   Plaintiffs who reside in this District, and Defendants are subject to personal

20   jurisdiction in this District.

21

22

## INTRADISTRICT ASSIGNMENT

23

24      12.     This action is an Intellectual Property Action within the meaning of Civil

25   Local Rule 3-2(c) and thus it is to be assigned on a district-wide basis.

26

27

28

SMRH:434980265.2

COMPLAINT
3:14-cv-5079

## FACTUAL BACKGROUND

THE DALMATIAN FIREFIGHTER COPYRIGHT

13.     Gym-Mark owns United States Copyright Registration No. VAu1-108-263 dated August 30, 2012 covering its "Dalmatian Firefighter" two-dimensional visual work of art (the "**Dalmatian Firefighter Design**").  The Dalmatian Firefighter Design is a highly creative two-dimensional visual work of art featuring a black and white Dalmatian puppy wearing a red firefighter's hat bearing the number "1."

14.     Gym-Mark authorized the use of the Dalmatian Firefighter Design by Gymboree, its affiliate and licensee for this design, in connection with a variety of different children's apparel items sold by Gymboree starting in or about 2012.

15.     In or about December 2013, Gym-Mark became aware of the marketing and sale by Kmart on its website www.kmart.com of apparel that uses Gym-Mark's Dalmatian Firefighter Design.  Specifically, Kmart's product entitled "Holiday Editions Newborn Boy's Vest, Shirt & Pants – Puppy Dog" (the "**Infringing Product**") improperly uses the Dalmatian Firefighter Design without Gym-Mark's authorization.

16.     The Infringing Product uses an exact replica of the Dalmatian Firefighter Design.  The colors and the shapes and sizes of the elements of the Infringing Product's use of the Dalmatian Firefighter Design are identical to those of the Dalmatian Firefighter Design.

17.     Upon information and belief, Blueberry had access to the Dalmatian Firefighter Design, as featured on Gymboree's children's apparel, in manufacturing

1  the Infringing Product.  In deciding to carry the Infringing Product, Kmart also had

2  access to Gymboree's competing children's apparel items.  The similarity (nearing on

3  identical) of these highly creative designs, and the use for identical purposes on

4  competing products, gives rise to a strong inference of willful infringement on the

5  part of the Blueberry/Kmart Defendants.

6

7          18.     In or about January 24, 2014, counsel for Plaintiffs sent Kmart's parent

8  corporation a cease and desist letter requesting, in sum, that Kmart (1) cease

9  advertising, marketing and selling the Infringing Product; (2) never use the Dalmatian

10  Firefighter Design in the future; and (3) provide Plaintiffs with an accounting of all

11  revenues made in connection with the Infringing Product.  Counsel for Plaintiffs

12  requested an agreement to its terms by no later than February 7, 2014.

13

14          19.     In or about February 7, 2014, counsel for Plaintiffs received a response

15  from counsel for Blueberry stating that the Infringing Product was provided to Kmart

16  by Blueberry.  Gym-Mark has never given Blueberry its authorization to use the

17  Dalmatian Firefighter Design.

18

19          20.     On information and belief Kmart and or its affiliates continued to sell the

20  Infringing Products after receipt of the January 24, 2014 letter and Blueberry did not

21  immediately recall or otherwise prevent downstream sales of the Infringing Products

22  after it became aware of and received a copy of the January 24, 2014 letter.

23

24  THE POPPY PRINT COLLECTION COPYRIGHT

25

26          21.     Gym-Mark owns the Copyright Registration No. VAu1-122-457 dated

27  January 18, 2013 covering its "Poppy Print Collection" two-dimensional visual works

28  of art (the "**Poppy Print Collection Designs**").  The Poppy Print Collection Designs

1  include two related, highly creative two-dimensional visual works of art (1) the first

2  consists of a red, yellow and green plaid background over which red and yellow

3  poppies are transposed (the "**Plaid Floral Design**") and (2) the second consists of a

4  navy background with white stripes along the bottom over which red, tangerine and

5  pale pink poppies are transposed (the "**Navy Floral Design**").

6

7       22.    Gym-Mark authorized the use of the Poppy Print Collection Designs by

8  Gymboree, its affiliate and licensee for this design, in connection with its Spring 2013

9  clothing line.

10

11      23.    In or about February 2014, Gym-Mark became aware of the marketing

12 and sale by Bon Ton on its website www.bonton.com (and its related websites) of

13 apparel with fabric designs virtually identical to the Poppy Print Collection Designs.

14 Specifically, Bon Ton's products entitled "Heartworks Baby Girls' navy Daisy Dress

15 with Shrug" ("**Navy Floral Product**") and "Heartworks Baby Girls' Pink Multi Plaid

16 Dress" ("**Plaid Floral Product**") (collectively, the "**Infringing Products**")

17 improperly use the Poppy Print Collection Designs without Gym-Mark's

18 authorization.

19

20      24.    The colors of the Navy Floral Design and the Navy Floral Product are

21 identical, the shapes and sizes of the elements of the printed design are identical and

22 the placement of the stripes in reference to the poppy flowers appears to be nearly

23 identical.  The only discernible difference between the two fabric designs (which is

24 discernible only after a very careful scrutiny of the two designs) is that the poppy

25 flowers in the Navy Floral Product are perhaps placed closer to each other than those

26 poppy flowers in the Navy Floral Design.

27

28

1    25.    The colors of the Plaid Floral Design and the Plaid Floral Product are

2  identical and the shapes and sizes of the main element of the printed design, the face

3  of the red and yellow poppy flowers, are identical.  The only discernible difference

4  between the two fabric designs is that there are three poppy flowers in the Plaid Floral

5  Product and they do not have stems and there are only two poppy flowers in the Plaid

6  Floral Design and they do have stems.

7

8    26.    Upon information and belief, Blueberry had access to the Poppy Print

9  Collection Designs, as featured on Gymboree's children's apparel, in manufacturing

10  the Infringing Products.  In deciding to carry the Infringing Products, Bon Ton also

11  had access to Gymboree's competing children's apparel items.  The similarity

12  (nearing on identical) of these highly creative designs, and the use for identical

13  purposes on competing products, gives rise to a strong inference of willful

14  infringement on the part of the Blueberry/Bon Ton Defendants.

15

16    27.    On March 10, 2014, counsel for Plaintiffs sent Bon Ton a cease and

17  desist letter  requesting, in sum, that Bon Ton (1) cease advertising, marketing and

18  selling the Infringing Products; (2) never use the Poppy Print Collection Designs in

19  the future; and (3) provide Plaintiffs with an accounting of all revenues made in

20  connection with the Infringing Products.  Counsel for Plaintiffs requested a response

21  by no later than March 14, 2014.

22

23    28.    Plaintiffs are informed and believe that the Infringing Products were

24  provided to Bon Ton by Blueberry.  Gym-Mark has never given Blueberry its

25  authorization to use the Poppy Print Collection Designs.

26

27

28

1   BLUEBERRY'S HISTORY OF WILLFUL INFRINGEMENT

2

3       29.     Blueberry's willfulness is further established by the its history of

4   designing knockoff products based on Gym-Mark's registered copyrights to compete

5   with Gymboree's products, as evidenced by the lawsuit filed by Plaintiffs against

6   Blueberry, styled Gym-Mark, Inc. v. Blueberry Blvd. LLC, et al, Case No. C-05-

7   3191-MEJ, in this District on August 5, 2005.

8

9                       **FIRST CLAIM FOR RELIEF**

10      **[Copyright Infringement Against the Blueberry/Kmart Defendants]**

11

12      30.     Plaintiffs incorporate herein the allegations set forth in paragraphs 1-28,

13  above.

14

15      31.     The Blueberry/Kmart Defendants have infringed Gym-Mark's copyright

16  in its Dalmatian Firefighter Design through the reproduction and/or distribution of the

17  identical fabric design on the Infringing Product sold via Kmart's website, which

18  website is accessible to customers in this district.  Upon information and belief,

19  Blueberry designed the Infringing Product and supplied it to Kmart for sale.

20

21      32.     The Blueberry/Kmart Defendants' actions constitute copyright

22  infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, *et seq*.

23

24      33.     Upon information and belief, the infringement of Gym-Mark's registered

25  copyrights was willful because the Blueberry/Kmart Defendants had access to the

26  Dalmatian Firefighter Design, as featured on Gymboree's children's apparel, in

27  manufacturing the Infringing Product and in deciding to carry the Infringing Product,

28  respectively.  The similarity (nearing on identical) of these highly creative designs,

1   and the use for identical purposes on competing products, gives rise to a strong

2   inference of willful infringement on the part of the Blueberry/Kmart Defendants.

3   Blueberry's willfulness is further established by its history of designing knockoff

4   products based on Gym-Mark's registered copyrights to compete with Gymboree's

5   products.

6

7       34.    As a direct and proximate result of the Blueberry/Kmart Defendants'

8   willful infringement described herein, Plaintiffs have suffered and will continue to

9   suffer injury to their business, goodwill and property, in an amount to be determined

10  at trial.

11

12      35.    Plaintiffs have no adequate remedy at law.  Unless the Blueberry/Kmart

13  Defendants are preliminarily and permanently enjoined from committing their willful

14  infringement as set forth above, Plaintiffs will continue to suffer irreparable harm.

15

16      36.    Plaintiffs are entitled to an injunction pursuant to 17 U.S.C. § 502

17  restraining the Blueberry/Kmart Defendants, and their officers, agents, servants and

18  employees, and all persons in active concert or participation with them, from

19  engaging in any further such acts in violation of the Copyright Act.

20

21      37.    Plaintiffs are further entitled to recover from the Blueberry/Kmart

22  Defendants, pursuant to 17 U.S.C. § 504, the damages Plaintiffs have sustained and

23  will sustain, as well as any and all gains, profits, benefits, and advantages obtained

24  and to be obtained by the Blueberry/Kmart Defendants, as a result of their  willful

25  infringement as described herein or, in the alternative, Plaintiffs are entitled to

26  statutory damages.

27

28

38.     Plaintiffs are further entitled to recover their costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### [Copyright Infringement Against the Blueberry/Bon Ton Defendants]

39.     Plaintiffs incorporate herein the allegations set forth in paragraphs 1-37, above.

40..     The Blueberry/Bon Ton Defendants have infringed Gym-Mark's copyright in its Poppy Print Collection Designs through the reproduction and/or distribution of the identical fabric designs on the Infringing Products sold via Bon Ton's (and its affiliates') website, which website is accessible to customers in this district, as well as in its stores.  Upon information and belief, Blueberry designed the Infringing Products and supplied them to Bon Ton for sale.

41.     The Blueberry/Bon Ton Defendants' actions constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

42.     Upon information and belief, the infringement of Gym-Mark's registered copyrights was willful because the Blueberry/Bon Ton Defendants had access to the Poppy Print Collection Designs, as featured on Gymboree's children's apparel, in manufacturing the Infringing Products and in deciding to carry the Infringing Products, respectively.  The similarity (nearing on identical) of these highly creative designs, and the use for identical purposes on competing products, gives rise to a strong inference of willful infringement on the part of the Blueberry/Bon Ton Defendants.  Blueberry's willfulness is further established by its history of designing

1  knockoff products based on Gym-Mark's registered copyrights to compete with

2  Gymboree's products.

3

4        43.    As a direct and proximate result of the Blueberry/Bon Ton Defendants'

5  willful infringement described herein, Plaintiffs have suffered and will continue to

6  suffer injury to their business, goodwill and property, in an amount to be determined

7  at trial.

8

9        44.    Plaintiffs have no adequate remedy at law.  Unless the Blueberry/Bon

10  Ton Defendants are preliminarily and permanently enjoined from committing their

11  willful infringement as set forth above, Plaintiffs will continue to suffer irreparable

12  harm.

13

14        45.    Plaintiffs are entitled to an injunction pursuant to 17 U.S.C. § 502

15  restraining the Blueberry/Bon Ton Defendants, and their officers, agents, servants and

16  employees, and all persons in active concert or participation with them, from

17  engaging in any further such acts in violation of the Copyright Act.

18

19        46.    Plaintiffs are further entitled to recover from the Blueberry/Bon Ton

20  Defendants, pursuant to 17 U.S.C. § 504, the damages Plaintiffs have sustained and

21  will sustain, as well as any and all gains, profits, benefits, and advantages obtained

22  and to be obtained by the Blueberry/Bon Ton Defendants, as a result of their  willful

23  infringement as described herein or, in the alternative, Plaintiffs are entitled to

24  statutory damages.

25

26        47.    Plaintiffs are further entitled to recover their costs and attorneys' fees

27  pursuant to 17 U.S.C. § 505.

28

1

## **PRAYER FOR RELIEF**

2

3       Plaintiffs request the following relief as a result of the willful infringement

4   described herein:

5

6       A.      For a judgment that the Blueberry/Kmart Defendants have infringed

7   United States Copyright Registration No. VAu1-108-263, pursuant to 17 U.S.C. §

8   501;

9

10      B.      For a judgment that the Blueberry/Bon Ton Defendants have infringed

11  United States Copyright Registration No. VAu1-122-457, pursuant to 17 U.S.C. §

12  501;

13

14      C.      For an entry of preliminary and permanent injunctive relief enjoining and

15  restraining the Blueberry/Kmart Defendants, their officers, directors, agents, servants,

16  employees and all other persons in privity or acting in concert with them from further

17  infringement of Copyright Registration No. VAu1-108-263, pursuant to 17 U.S.C. §

18  502;

19

20      D.      For an entry of preliminary and permanent injunctive relief enjoining

21  and restraining the Blueberry/Bon Ton Defendants, their officers, directors, agents,

22  servants, employees and all other persons in privity or acting in concert with them

23  from further infringement of Copyright Registration No. VAu1-122-457, pursuant to

24  17 U.S.C. § 502;

25

26      E.      For entry of relief impounding all infringing articles, and destruction

27  thereof, pursuant to 17 U.S.C. § 503;

28

SMRH:434980265.2

-13-

**COMPLAINT
3:14-cv-5079**

1     F.     For an accounting from Defendants of all products sold by Blueberry that

2   infringe Plaintiffs' copyrighted designs, including products not yet identified in this

3   complaint but which may be identified through review of Defendants records in

4   discovery.

5

6     G.     For an award to Plaintiffs of their actual damages and any additional

7   profits of the infringer, or statutory damages, whichever is the greatest pursuant to 17

8   U.S.C. § 504;

9

10    H.     For a finding that the infringement by Defendants was willful and for an

11  additional award for their willful infringement, pursuant to 17 U.S.C. § 504;

12

13    I.     For an award of Plaintiffs' attorneys' fees, expenses and costs pursuant

14  to 17 U.S.C. § 505; and

15

16    J.     For an award to Plaintiffs' of such other and further relief as this Court

17  deems just and proper.

18

19

20  Dated: November 18, 2014   SHEPPARD MULLIN RICHTER & HAMPTON LLP

21

22                              By     _____/s/ P. Craig Cardon_____
                                          P. CRAIG CARDON

23
                                    Attorneys for Plaintiffs GYM-MARK, INC.
24                                  and THE GYMBOREE CORPORATION

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiffs hereby demand a jury trial on all issues triable as of right by a jury.

4  FED. R. CIV. P. 38(b).

5

6  Dated:  November 18, 2014    SHEPPARD MULLIN RICHTER & HAMPTON LLP

7

8                              By        _/s/ P. Craig Cardon_
                                            P. CRAIG CARDON

9                                Attorneys for Plaintiffs GYM-MARK, INC.
10                                and THE GYMBOREE CORPORATION

11

12

13

14

15   433259341.1

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:434980265.2                      -15-                    **COMPLAINT**
                                                              **3:14-cv-5079**